IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LOUISIANA INTERNATIONAL MARINE, L.L.C. | § § § | |
| v. | § § | C.A. NO. C-11-186 |
| The Drilling Rig ATLAS CENTURY, *and her engines, tackle, apparel, appurtenances, etc., in rem, and* KTM SERVICES, INC., *in personam* | § § § § § | Admiralty Fed. R. Civ. P. 9(h) |

**MEMORANDUM AND RECOMMENDATION TO
GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

This is an admiralty action filed pursuant to Supplemental Rule C of the Federal Rules of Civil Procedure. Pending are Plaintiff Louisiana International Marine, L.L.C.'s motions for default judgment against all non-appearing claimants concerning this action. (D.E. 38, 46).[1] For the reasons stated herein, it is respectfully recommended that Plaintiff's motions for default judgment be granted.

**I. JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. § 1333 over maritime claims. Furthermore, the arrest of the vessel that is the subject of the *in rem* litigation supplies the Court with jurisdiction sufficient to enter a default judgment. Wong Shing v. M/V Mardina Trader, 564 F.2d 1183, 1186 (5th Cir. 1977).

**II. BACKGROUND**

On June 1, 2011, Plaintiff filed this lawsuit against Defendants Atlas Century *in rem* and KTM Services, Inc. *in personam*, alleging a contractual breach arising from their failure to fully

---

[1] The second motion for default judgment is essentially the same as the first but updates the Court on the various parties' positions regarding the motion.

compensate Plaintiff for towing the drilling rig Atlas Century from Sabine Pass, Texas to Ingleside, Texas.  (D.E. 1, at 2-3).  Plaintiff claims that it is owed $859,100 in damages pursuant to the terms of the "TOWCON" INTERNATIONAL TOWAGE AGREEMENT (LUMP SUM).  Id.  An order for the seizure of the Atlas Century was issued on June 2, 2011, (D.E. 4), and the vessel has since remained in the custody of the United States Marshal's Service.  (D.E. 46-1, at 1).

Plaintiff posted legal notices of the seizure in the Corpus Christi Caller-Times and the Houston Chronicle from July 8, 2011 to July 10, 2011.  The notices also directed that all potential claimants file a statement of interest with the Clerk of Court for the Southern District of Texas by July 25, 2011.  (D.E. 46-2, at 2-5; D.E. 46-3, at 2; D.E. 46-4, at 2; D.E. 46-5, at 2).  The only Intervenor to file a verified complaint by July 15, 2011 was GAC Shipping (USA) Inc. (D.E. 11).  As of September 16, 2011, Bayfront Consulting, L.L.C., Basic Energy, Ltd., International Divers Co., Inc., COSCO Shipping, Co., Ltd., Seabulk Towing Services, Inc., and Signet Maritime Corp. were also allowed to intervene in this litigation.  (D.E. 28; D.E. 31; D.E. 41; D.E. 42; D.E. 56).  At the hearing on September 16, 2011, counsels for Defendants and all Intervenors indicated that they had no opposition to the motion for default judgment.

### III.  DISCUSSION

Plaintiff asserts that it is entitled to a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule C(4) of the Supplemental Rules for Admiralty.  (D.E. 46-1, at 1-2).

Rule 55(b)(2) of the Federal Rules of Civil Procedure permits the Court to enter a default judgment upon the application of a party.  Pursuant to Rule C(4), the plaintiff must "give public

notice of the action and arrest in a newspaper designated by court order and having general circulation in the district," and the notice "must specify the time under Rule C(6) to file a statement of interest in or right against the seized property and to answer." Rule C(6) provides that a person may assert a right of possession or ownership in the subject property by filing a verified statement within fourteen days after the execution of process.

From July 8, 2011 to July 10, 2011, Plaintiff posted legal notice of the seizure of the drilling rig in the Houston Chronicle and the Corpus Christi Caller-Times, which constitute newspapers of general circulation in this district. (D.E. 46-2, at 2-5; D.E. 46-3, at 2; D.E. 46-4, at 2; D.E. 46-5, at 2). Affidavits of publication from both newspapers support this fact. (D.E. 38-2, at 1; D.E. 38-3, at 1; D.E. 38-4, at 1; D.E. 38-5, at 1). Consistent with the fourteen-day filing deadline in Rule C(6), all of the legal notices listed a July 25, 2011deadline for statements of interest to be filed. It has been over two months since the legal notices were posted, giving potential claimants more than enough time to file their statements of interest. See The Mary, 13 U.S. (9 Cranch) 126, 144 (1815) (justifying constructive notice for *in rem* admiralty litigation on the grounds that "it is the part of common prudence for all those who have any interest in it, to guard that interest by persons who are in a situation to protect it"); United States v. Steel Tank Barge H 1651, 272 F. Supp. 658, 660 (E.D. La. 1967) ("The in rem process of the Admiralty Court is based upon the presumption that the fact of seizure of a vessel alone will result in prompt, actual notice to all interested parties, without the necessity of formal personal notice.") (citation omitted). Plaintiff has therefore demonstrated that default judgment is warranted in order to exclude would-be Intervenors who have no excuse for being late. Accordingly, it is respectfully recommended that a default judgment be granted.

## IV. RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Plaintiff's motion for default judgment, (D.E. 46), be entered against all non-appearing claimants.

Respectfully submitted this 20th day of September 2011.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).