IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LOUISIANA INTERNATIONAL MARINE, L.L.C. | § § § | |
| v. | § § | CIVIL ACTION NO.  C-11-186 |
| The Drilling Rig ATLAS CENTURY, and her engines, tackle, apparel, appurtenances, etc., *in rem*, and KTM SERVICES, INC., *in personam* | § § § § § | Admiralty - FED. R. CIV. P. 9(h) |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR SALE OF VESSEL

Pending before the Court is Plaintiff Louisiana International Marine, L.L.C.'s Motion for Sale of Vessel. (D.E. 39.)  On November 21, 2011, United States Magistrate Judge Brian L. Owsley signed and entered a Memorandum and Recommendation to Grant Plaintiff's Motion for Sale of Vessel. (D.E. 80.)  The Magistrate Judge Recommends that Plaintiff's motion for an interlocutory sale of the vessel be granted and that the Atlas Century be scheduled for sale on or after December 12, 2011. (*Id*. at 7.)

Intervenors Bayfront Consulting, L.L.C. (Bayfront) and Basic Energy, Ltd. (Basic) filed an Objection to Memorandum and Recommendation to Grant Plaintiff's Motion for Sale of Vessel. (D.E. 81.)  Bayfront and Basic objected to the Magistrate Judge's Memorandum and Recommendation on the grounds that, at all relevant times, the Atlas Century was not a vessel, and therefore, this Court lacked admiralty jurisdiction. (*Id*. at 1–2.)  Intervenors Bayfront and Basic additionally filed a Motion to Vacate Arrest and Motion to Dismiss *In Rem* Claims for Lack of Subject Matter Jurisdiction (D.E. 89), in which they asserted the same jurisdictional

arguments set forth in their Objection to Memorandum and Recommendation to Grant Plaintiff's Motion for Sale of Vessel (D.E. 81).

On February 13, 2012, the Magistrate Judge held a motion hearing on Intervenors' Motion to Vacate Arrest and Motion to Dismiss. On March 9, 2012, the Magistrate Judge signed and entered a Memorandum and Recommendation to Grant in Part and Deny in Part the Motion to Dismiss. (D.E. 102.)  The Magistrate Judge recommended (1) that Bayfront and Basic be dismissed for lack of subject matter jurisdiction; (2) that the Atlas Century remain under arrest; (3) that the motion to vacate any order to sell the Atlas Century be denied; and (4) that the motion to dismiss against Plaintiff Louisiana International Marine, L.L.C. and the other Intervenors be denied. (*Id*. at 24.)  No timely objections to the Magistrate Judge's Memorandum and Recommendation were filed, and the Court entered an Order Adopting Memorandum and Recommendation and Granting in Part and Denying in Part Motion to Dismiss. (D.E. 105.)

More than fourteen days have passed since the parties, respectively, were served with the Magistrate Judge's Memorandum and Recommendation to Grant Plaintiff's Motion for Sale of Vessel. (D.E. 80.)  As set forth above, the Court addressed Basic and Bayfront's objections to this Court's admiralty jurisdiction, and both parties have been dismissed from the litigation. (*See* D.E. 89 and 105.)  There are, however, no objections to the Magistrate Judge's findings of fact and conclusions of law regarding the sale of the Atlas Century pursuant to the criteria set forth in FED. R. CIV. P. SUPP. ADMIRALTY RULE E(9)(a)(i).  When no timely objections to a magistrate judge's memorandum and recommendation are filed, the district court need only satisfy itself that there is no clear error on the face of the record and accept the magistrate judge's findings and conclusions. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996)).

After reviewing the un-objected to portions of the Magistrate Judge's Memorandum and Recommendation to Grant Plaintiff's Motion for Sale of Vessel (D.E. 80), as well as all other relevant documents in the record, and finding no clear error, the Court **ADOPTS** as its own the findings and conclusions of the Magistrate Judge regarding the sale of the Atlas Century pursuant to SUPP. ADMIRALTY RULE E(9)(a)(i).  Accordingly, Plaintiff Louisiana International Marine, L.L.C.'s Motion for Sale of Vessel (D.E.39) is **GRANTED**.

**ORDERED** this 27th day of March 2012.

_____
**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**