IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LOUISIANA INTERNATIONAL MARINE, L.L.C., | § § § | |
| v. | § § | CIVIL ACTION NO. C-11-186 |
| The Drilling Rig ATLAS CENTURY, and her engines, tackle, apparel, appurtenances, etc., *in rem*, and KTM SERVICES, INC., *in personam*. | § § § § § | Admiralty - FED. R. CIV. P. 9(h) |

**ORDER ADOPTING IN PART MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION REGARDING KIEWIT'S MOTION FOR APPROVAL OF *CUSTODIA LEGIS* EXPENSES**

Pending before the Court is Intervenor Kiewit Offshore Services, Ltd. Motion for Approval of *Custodia Legis* Expenses. (D.E. 108.) Kiewit sought approval of the following *custodia legis* expenses: (1) $101,305.40 for receiving the rig, cleanup of a hydraulic leak, and inspection, preparation, and shifting of the vessel; (2) $31,750 for the offloading of thrusters purchased by KTM; (3) $73,140 for the provision of tugboats in anticipation of Tropical Storm Don; and (4) $2,000 per day in docking fees from the time of the vessel's seizure on June 2, 2011. (*Id*. at 1–2.) United States Magistrate Judge Brian L. Owsley entered a Memorandum and Recommendation Regarding Kiewit's Motion recommending that the Court approve *custodia legis* expenses of $63,600 for the provision of tugboat services. (D.E. 116 at 16.)

Kiewit filed an Objection to the Magistrate Judge's Memorandum and Recommendation arguing that its docking fees at the contractual rate of $2,000 per day constitute reasonable *custodia legis* expenses. (D.E. 118.) Kiewit did not object to the Magistrate Judge's recommendations regarding its other claimed *custodia legis* expenses. (*Id*.) With regard to the

unobjected-to portions of the Magistrate Judge's Memorandum and Recommendation, the Court finds no clear error on the face of the record and adopts the Magistrate's findings and conclusions. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996)).  The Court now considers the objected-to portions of the Magistrate Judge's Memorandum and Recommendation, which it adopts in part.

*Custodia legis* expenses recoverable against a seized vessel include "services or property advanced to preserve and maintain the vessel under seizure, furnished upon authority of the court." *Gen. Elec. Credit & Leasing Corp. v. Drill Ship Mission Exploration*, 668 F.2d 811, 816 (5th Cir. 1982) (collecting cases).  "While it is preferable to secure a court order authorizing this expense before incurring it, nevertheless even in the absence of court order these 'custodia legis expenses' may be ordered by the court to be paid in priority to the seizing mortgage creditor if 'equity and good conscience' so require." *Id*. at 815.

There is no dispute that reasonable docking fees constitute valid *cusodia legis* expenses. *New York Dock Co. v. The Poznan*, 274 U.S. 117 (1927).  However, the party seeking to collect expenses as *custodia legis* bears the burden of proving that the expenditures were necessarily or reasonably incurred and that they were reasonable in amount. *Adams Offshore, Ltd. v. Con-Dive, LLC*, No. 09-0378-WS-B, 2011 U.S. Dist. LEXIS 53154, at *16 (S.D. Ala. May 16, 2011); *Bollinger Quick Repair, LLC v. Le Pelican M/V*, 2000 U.S. Dist. LEXIS 9084, at *13–16 (E.D. La. June 19, 2000); *Nat'l Bank of N. Am. v. S.S. Oceanic Ondine*, 315 F. Supp. 386, 388 (S.D. Tex. 1970).

Kiewit objects to the Magistrate's findings that $2,000 per day was unreasonable and that not all dockage from the date of arrest may be claimed as *custodia legis*. (D.E. 116 at 13–15.)

The Magistrate Judge concluded that without more information regarding what portion of the docking fees are recoverable in contract and the reasonableness of the docking fees charged, there was "insufficient evidence to support granting Kiewit's requested motion to include docking fees as *custodia legis* expenses." (*Id*. at 14.)

The Magistrate Judge cited two cases where district courts concluded that an immediate interlocutory sale of a vessel was warranted under Supplemental Rule E(9)(a)(B)—as opposed to giving the vessel's owner more time to post a bond—because *custodia legis* fees of $2,500 and $1,500 per day were "excessive and disproportionate" in relation to the total cost of the vessel. *See Gulf Copper & Mfg. Corp. v. Rig Viking Prospector*, Civil Case No. 3:11-cv-132, D.E. 50 at 2 (S.D. Tex. May 24, 2011); *Freret Marine Supply v. M/V Enchanted Capri*, No. 00-3805, 2001 WL 649764, at *2–3 (E.D. La. June 11, 2001). These cases establish that a prompt sale of a vessel is warranted where the expense of keeping it *in custodia legis* reduces the likelihood of any potential recovery by the other claimants. Under these circumstances, an immediate sale of the vessel is in the best interest of all parties. However, these decisions are inapposite to the factual situation before the Court.

Dockage is a necessary part of a seized vessel's maintenance and preservation, and therefore, docking fees are difficult to dispute as unreasonable or unnecessary. Kiewit provided a sworn affidavit from Mr. Dion Fudge, who has worked in the offshore marine service for fifteen years and is generally familiar with docking rates in the Gulf Coast region. Mr. Fudge stated that the rate of $2,000 per day is commercially reasonable and consistent with docking fees charged by other facilities in the Gulf Coast area, including the Port of Corpus Christi. (D.E. 118-1.) Furthermore, Mr. Fudge stated that keeping the Atlas Century safely docked at its facility in its current state required monitoring and the use of specialized equipment, in contrast

3

to other rigs that can be ballasted and secured by sitting them on the seafloor. (*Id*.) Lastly, the Atlas Century occupied a substantial portion of Kiewit's berthing area, which impacted the company's ability to generate revenue from other projects. (D.E. 118 at 8.) Based on the evidence, the Court finds that $2,000 per day was a reasonable fee. Additionally, the Court finds that the docking fees were necessarily and reasonably incurred to preserve and maintain the vessel while in custody.

Had Kiewit secured a court order authorizing the docking fees as *custodia legis* expenses before they were incurred, the Court would be obliged to order the full amount of the fees be paid in priority to Kiewit. *See Gen. Elec. Credit & Leasing Corp.*, 668 F.2d at 815. In the absence of a court order, however, Kiewit has the additional burden of demonstrating that equity and good conscience merit granting it preference over the other claimants. *Id*. The Magistrate Judge found that Kiewit could only justifiably claim *custodia legis* expenses past the point where it became clear that KTM was not going to perform on the parties' contract. (D.E. 116 at 15.) The Magistrate Judge reasoned that at this "unknown" point Kiewit stopped providing dockage under the parties' contract and started providing this service as part of the *custodia legis* expenses. (*Id*.) Kiewit objects that all docking fees from the date of the seizure should be deemed *custodia legis* expenses, but in the event the Court accepts the Magistrate Judge's recommendation on this issue, at least all docking fees from the last date that it provided contractual services should be deemed *custodia legis* expenses. (D.E. 118.)

Equity aids those who are vigilant in enforcing their rights. Kiewit argues that its claimed docking fees constitute a necessary service provided to the ship following its arrest for its maintenance and preservation, and therefore, equity and good conscience require that the docking fees be paid as *custodia legis* expenses. (D.E. 118 at 7.) However, Kiewit never sought

approval of the fees from the Court or the vessel's custodian. Kiewit points out that the other parties never took any steps to have the rig removed from its facility. (D.E. 118 at 12.) Yet, Kiewit did not claim the docking fees as *custodia legis* expenses until November 18, 2011 when it filed its Motion for Leave to File a Verified Complaint in Intervention. (D.E. 78.) And Kiewit has presented no evidence that the other parties to this litigation were aware that it intended to claim the docking fees as *custodia legis* expenses prior to this date.

The Court finds that 'equity and good conscience' require any docking fees accrued after November 18, 2011 be treated as *custodia legis* expenses. After that date, the other parties were on notice and responsible for doing something to avoid or reduce the docking fees if they believed they were unreasonable. Accordingly, the Court **ADOPTS IN PART** the Magistrate Judge's Memorandum and Recommendation (D.E. 116) as modified herein. The Court **APPROVES** Kiewit's *custodia legis* expenses in the amount of $400,000 for docking fees and $63,600 for the provision of tugboat services.

                          **ORDERED** this 18th day of June 2012.

_____
**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**